IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK DEGRAFFENRIED, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 04 C 4961 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | HONORABLE DAVID H. COAR |
| ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Frederick Degraffenried's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is before this Court. For the following reasons, the motion is denied.

**I. FACTS**

On the evening of May 16, 2001, Nakia Stanley heard a gunshot in the lot next to her home and saw Fabian Patillo hobbling around the side of her home, in apparent pain. Stanley called 911. Chicago Police Department Officers Ken Cole and Daniel Parrilli responded and saw Frederick Degraffenried ("Petitioner") running from the scene with a sawed-off rifle. Officer Cole chased Petitioner into a building. Petitioner surrendered moments later and Cole recovered the gun. Meanwhile, Detective Patrick O'Donovan, also responding to the 911 call, located Patillo, the man who had been shot. Patillo eventually told O'Donovan that he had accidentally shot himself in the foot and that Petitioner had taken the gun to hide it. Patillo was treated at Mount Sinai Hospital, where he identified the gun retrieved by Officer Cole as the gun

with which he had shot himself. O'Donovan interviewed Petitioner, who confirmed that Patillo had shot himself and that Petitioner attempted to conceal the gun.

O'Donovan documented Petitioner's statement in a General Progress Report. ATF Agent Susan Bray, the case agent, provided the prosecutors with a copy of O'Donovan's Supplemental Case Report. Bray mistakenly believed the Supplemental Case Report incorporated O'Donovan's hand-written notes contained in the General Progress Report. The officials handling the case did not realize the mistake until March 13, 2002, two weeks before the scheduled trial date. Upon receiving the newly discovered information, the prosecution immediately faxed a copy of the General Progress Report to defense counsel.

In light of the delay, the court granted a continuance of the trial date, and on June 4, 2002, held a hearing on the motion to suppress Petitioner's statement contained in the General Progress Report. After hearing testimony from Cole, O'Donovan, and Petitioner, this court denied the motion.

Prior to the trial testimony of O'Donovan, the prosecution moved in limine to prevent any cross-examination of O'Donovan regarding the timing of the prosecution's production of the General Progress Report to defense counsel. This court granted the motion.

The trial began on June 5, 2002 and finished at noon the following day. After approximately three hours of deliberations, the jury sent this court a note. This court told counsel, "I got a note from the jury saying that they are at impasse. I'm reluctant to share the note with you because it discloses what the numerical division is among the jurors. The note also says that one juror does not want to discuss further, so that's where they are." Defense counsel stated, "I think it's important that we see the whole contents [sic] of the note." This court declined to

divulge the entirety of the note, and sent a note to the jury stating, "Members of the jury, I've read your note. Please continue deliberations."

Following a recess and additional discussion about the issue, this court decided to read the entire note to counsel. The note stated:

> We are at an impasse. We have two people who do not vote with the majority. One of these two has said repeatedly that he will never change his mind. The disagreement turns on the believability of the police officers' testimonies. The majority believe the testimony. The minority believe that it was fabricated to get a conviction. These two jurors have strong reasonable doubt that will not be extinguished. One of the…does not want to discuss it further.

The judge subsequently asked counsels what they felt was the most appropriate action. The prosecution stated that the court's response to the note was proper. Defense counsel responded, "The only thing that I might have wanted was the *Silvern* instruction, just because the *Silvern* instruction includes the fact that the jurors should maintain their own personal beliefs, but I think it's a bit late for that." Petitioner was not present in the courtroom at any time when the judge told counsel about the note or when he disclosed the contents of the note.

On June 7, 2002, the jury found Petitioner guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §924(e), and not guilty of possessing an unregistered sawed-off rifle. Petitioner filed a motion for a new trial, which was denied. This court admitted error in discussing the note outside the presence of Petitioner, but found the error harmless. This court sentenced Petitioner to 262 months' imprisonment, with three years supervised release.

Petitioner appealed to the Seventh Circuit, contending that this court erred in not reading the jury note in its entirety immediately, that this court erred by discussing the note outside presence of the Petitioner, and that this court improperly limited Petitioner's cross-examination of O'Donovan. The Seventh Circuit found that this court did not err in not reading the entirety of

the note immediately, that the court's error in discussing the jury note without Petitioner present was harmless, and that this court did not err in limiting the cross-examination of O'Donovan. The appellate court affirmed the decision of the district court.

On July 28, 2004, Petitioner filed the instant petition pursuant to 28 U.S.C. 2255 to vacate his conviction and sentence based on the following claims: (1) ineffective assistance of counsel for failure to object to the presentence investigation report's finding that defendant was an armed career criminal under 18 U.S.C. §924(e); (2) ineffective assistance of counsel for failing to call another police officer involved in defendant's arrest; (3) ineffective assistance of counsel for conflict of interest; (4) the district court misunderstood defendant's testimony and erred in finding that he had obstructed justice; (5) district court erred in limiting defendant's ability to cross-examine Officer O'Donovan; (6) defendant was prejudiced when the district court discussed with counsel a note from the jury outside the presence of the defendant; (7) defendant was prejudiced when the district court did not immediately read the note from the jury in its entirety; (8) government failed to turn over *Jencks* materials; and (9) defendant's sentence was in violation of *Booker*.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted). If the reviewing court determines that any such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or

resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In addition, after reviewing the Petitioner's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *see also Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).

Habeas corpus relief is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

**III. ANALYSIS**

A. Law of the Case Doctrine

Under the law-of-the-case doctrine, a court should not reopen issues decided on the merits in earlier stages of the same litigation, unless the court is "convinced that [its prior decision] is clearly erroneous and would work a manifest injustice." *Agostini v. Felton*, 521 U.S. 203 (1997). The Seventh Circuit has stated, "We hold that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it." *U.S. v. Mazak*, 789 F.2d 580, 581-82 (7th Cir. 1986); *Daniels v. U.S.*, 26 F.3d 706, 711-12 (7th Cir. 1994). A Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994).

Although the defense of res judicata is not applicable to Section 2255 motions, the Seventh Circuit has held that the laws of the case doctrine governs. *Id*.; *U.S. v. Mazak*, 789 F.2d 580, 581-82 (7th Cir. 1986).

In the present case, the following claims were raised both in the district court and on direct appeal: (1) district court erred in limiting defendant's ability to cross-examine Officer O'Donovan; (2) defendant was prejudiced when the district court discussed with counsel a note from the jury outside the presence of the defendant; and (3) defendant was prejudiced when the district court did not immediately read the note from the jury in its entirety. Both this court and the Seventh Circuit ruled on the merits, finding that the trial court's limitation on the cross-examination of Officer O'Donovan was not in error, defendant was not prejudiced by his absence at the discussion of the jury note, and defendant was not prejudiced by the court not immediately reading the jury note in its entirety. The ruling of the Seventh Circuit is reasonable and sound. This court finds no reason to conclude that the prior decisions were clearly erroneous or would result in manifest injustice. Accordingly, the law-of-the-case doctrine bars these three claims from being reopened in this litigation.

B. Procedural Default

Under the procedural default doctrine, claims not raised on direct appeal are barred from collateral review unless a failure to consider the issue would amount to a fundamental miscarriage of justice. *Fountain v. U.S.*, 211 F.3d 429 (2000). That is, "constitutional claims may be raised for the first time in a collateral attack, if the defendant can demonstrate cause for the procedural default as well as actual prejudice from the failure to appeal." *Barker v. U.S.,* 7 F.3d 629 (1993). In the present case, Petitioner has raised (1) three ineffective assistance of counsel

claims, (2) a claim that the district court erred in finding that he obstructed justice, and (3) a claim that he was prejudiced because the government failed to turn over *Jencks* material. None of these claims were raised on direct appeal. Claim (2) argues that the district court erred in finding that Petitioner obstructed justice by perjuring himself regarding issues of material fact when he testified that he was not Mirandized at any point after his arrest on May 16, 2001. In his §2255 petition, Petitioner asserts that the court misunderstood his testimony, and proceeded to reassert that he was not Mirandized after his arrest. The Petitioner's testimony was contradicted by all three police officers involved in the arrest for this case, and this court had previously found the defendant not credible regarding this issue. Given these facts, there is no evidence that this court's ruling that the Petitioner obstructed justice by perjury was clearly erroneous or a fundamental miscarriage of justice. Claim (2) is procedurally defaulted.

As to petitioner's claim that the government failed to turn over *Jencks* materials in regards to O'Donovan's documentation of Petitioner's statement in the General progress report until two weeks before the trial, there is no prejudice or fundamental miscarriage of justice, as the court granted a continuance of the trial date so that the disclosed materials could be properly addressed in a hearing. Claim (3) is procedurally defaulted.

Finally, Petitioner's three ineffective assistance of counsel claims are not procedurally defaulted. When a petitioner is represented by the same attorney at trial and on appeal, he is not barred from raising his ineffective assistance of trial counsel claim for the first time on post-conviction review. *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993). In the present case, Petitioner had the same counsel at trial as on appeal. Thus, the ineffective assistance of counsel claims are valid.

C. Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of counsel for (1) failure to object to the presentence investigation report's finding that defendant was an armed career criminal under 18 U.S.C. §924(e); (2) failing to call another police officer involved in defendant's arrest; and (3) conflict of interest. In order to establish ineffective assistance, the petitioner must establish both that his attorney's performance "fell below an objective standard of reasonableness" and that this deficient performance caused "prejudice" to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 688, 690-93 (1984). With regard to the performance prong, the defendant must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance. *United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988). The court must then decide if the identified acts or omissions were "outside the wide range of professionally competent assistance." *Strickland* at 690. Prejudice requires petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Failure to satisfy either the performance or the prejudice prong of the *Strickland* test is fatal to an ineffectiveness claim." *Velarde v. United States*, 972 F.2d 826, 828 (7th Cir. 1992). Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland* at 690.

   i. Failure to investigate and object to the pre-sentence report

Petitioner claims that his trial counsel was ineffective for not investigating and objecting to the pre-sentence investigation's report that he was an armed career criminal. Specifically, Petitioner claims that his three convictions from March 30, 1989 should have been considered

consolidated for purposes of sentencing, but instead were considered separate offenses, causing an increase in his sentencing enhancement. Petitioner asserts that his trial counsel was ineffective because he did not object to the lack of consolidation in the pre-sentence investigation report.

First, this court must address whether the March 30, 1989 convictions were indeed consolidated. If they were not, then the ineffective of assistance of counsel claim fails for lack of prejudice. The Seventh Circuit allows a defendant to demonstrate that cases were "consolidated for sentencing" in two ways: (1) through a formal order of consolidation by the court, or (2) through a "functional consolidation," where the sentencing court considered the cases sufficiently related for consolidation and effectively entered one sentence for the multiple convictions. *United States v. Russell*, 2 F.3d 200 (7th Cir. 1993); *United States v. Joseph*, 50 F.3d 401 (7th Cir. 1995). The Seventh Circuit warns that "consolidation should not occur by accident through the happenstance of the scheduling of a court hearing or the kind of papers filed in the case or the administrative handling of the case." *Russell* at 204. The fact that court proceedings for the same defendant are held before the same judge on the same day is not sufficient to constitute "consolidation." *Id.* In *Russell*, the Seventh Circuit held that where a defendant's offenses had separate docket numbers, separate indictments, and separate judgments, they were not sufficiently related to constitute consolidation for sentencing purposes, even if concurrent sentences were given for the convictions by the same judge on the same day.

In the present case, Petitioner was sentenced on March 30, 1989 for three separate convictions, each with separate docket numbers (88CR20779 Manufacture/Deliver Controlled Substance; 88CR16225 Manufacture/Deliver Controlled Substance; 88CR16725

Manufacture/Deliver Controlled Substance). There was no formal consolidation order. The question is whether the three convictions were sufficiently related to constitute a functional consolidation. The three convictions were temporally and factually separate. The 88CR20779 conviction was the result of an August 13, 1988 arrest, the 88CR16725 conviction was the result of a September 20, 1988 arrest, and the 88CR16225 conviction was the result of a September 28, 1988 arrest. Each offense was separated by an intervening arrest, such that each conviction should be treated as unrelated and separate offense, in accordance with Guideline §4A1.2(a)(2) Application Note 3. The fact that these three conviction were sentenced by the same judge on the same day does not change the status of consolidation.

Therefore, because Petitioner's offenses were separate and unrelated, the fact that his trial counsel did not object to the lack of consolidation in the pre-sentence investigation report was proper, and did not prejudice the Petitioner. As such, Petitioner's claims that his trial counsel was ineffective for not investigating and objecting to the pre-sentence investigation's report fails.

### ii. Failure to call witness at hearing

Petitioner claims that his trial counsel was ineffective for failing to call Officer Parilli to corroborate Officer Cole's testimony. Decisions as to whether to call certain witnesses or ask particular questions are tactical matters, not subject to review. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). A lawyer's decision to call or not to call a witness is a strategic decision, and does not rise to the level of a Six Amendment violation. *Id*. Further, there is no evidence that calling Parilli would have changed the outcome of the case. Petitioner's ineffective assistance of counsel claim as to failure to call a witness is denied.

### iii. Conflict of Interest

Petitioner claims that his counsel was ineffective due to a conflict of interest with another trial. Petitioner claims that because his counsel had another trial set for February 3, 2003, and that his counsel had not received compensation before trial for Petitioner, his trial counsel acted in conflict of interest. There is no evidence to suggest that the Petitioner's counsel had a conflict of interest. Petitioner's trial was in June 2003. The fact that his counsel had a trial in February 3, 2003 presents no conflict of interest. Lawyers often represent multiple clients, and need to prepare for several trials in overlapping time frames. Further, there is no evidence to suggest that Petitioner's counsel neglected his duties or was ineffective because he had not been paid before trial. The fact that his counsel moved to withdraw as appointed counsel does not constitute ineffective assistance of counsel. There is simply no evidence to suggest that Petitioner's counsel had a conflict of interest, and Petitioner's claim that his counsel was ineffective due to a conflict of interest fails.

### iv. Violation of *Booker* and U.S.S.G § 4B1.4

Petitioner claims that his sentence was in violation of *Booker*, in that U.S.S.G §§4B1.1 and 4B1.4 required the jury in the instant case to make a finding that Petitioner's past convictions were crimes of violence or a controlled substance offense. The "fact of a prior conviction" falls outside the *Apprendi* rule, which holds that facts increasing a sentence beyond the otherwise-applicable statutory maximum must be proved to a jury beyond a reasonable doubt. *United States v. Tek Ngo*, 406 F.3d 839 (7th Cir. 2005). Thus, the jury for the instant case was not required to retry or re-determine past convictions. Pursuant to the Armed Career Criminal Act ("ACCA"), 4B1.4(a), a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C.

924(e) is an armed career criminal. Petitioner's criminal history satisfies the enhancement requirements of three previous felony convictions for either violent felonies or serious drug offenses, including 86CR3675 (Manufacture/Deliver Controlled Substance), 88CR20779 (Manufacture/Deliver Controlled Substance), 88CR16225 (Manufacture/Deliver Controlled Substance), 88CR16725 (Manufacture/Deliver Controlled Substance, and 98CR1529 (Possession of Controlled Substance with Intent to Deliver). *Booker* does not affect the finding that the Petitioner is am armed career criminal in this case, as "findings of prior convictions are not within the scope of *Booker*'s rule." *U.S. v. Pittman*, 411 F.3d 813 (7th Cir. 2005). Thus, the upward enhancement of Petitioner's sentence was proper under the ACCA, and Petitioner's claim that the sentence was in violation of *Booker* and U.S.S.G § 4B1.4 fails.

**IV. CONCLUSION**

For the foregoing reasons, Degraffenried's Motion to Vacate Pursuant to 28 U.S.C. 2255 is DENIED. This case is closed.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

Dated: **August 15, 2007**